In re MILFORD GROUP, INC., Debtor.

John J. MARTIN, Trustee, Plaintiff,

Samall Associates, Inc., Intervenor–Plaintiff,

ILM, Inc., Intervenor–Plaintiff,

v.

WESTFALL TOWNSHIP, Defendant.

Bankruptcy No. 5–91–00024.
Adv. No. 5–95–0355A.

United States Bankruptcy Court,
M.D. Pennsylvania,
Wilkes–Barre Division.

April 18, 1996.

John Martin, Honesdale, PA, for Trustee/Plaintiff.

Robert Opel, Kingston, PA, for Samall (Intervenor–Plaintiff).

Steven Bresset, Honesdale, PA, for ILM (Intervenor–Plaintiff).

Jeffrey Earlin, Milford, PA, for Defendant.

## OPINION AND ORDER

JOHN J. THOMAS, Bankruptcy Judge.

The Trustee initiated this matter by filing an adversary under 11 U.S.C. § 542 of the United States Bankruptcy Code seeking a turnover of the proceeds of a letter of credit issued from Northeastern Bank for and on behalf of the Debtor to Westfall Township. After the initiation of this adversary, both ILM, Inc. and Samall Associates, Inc. were permitted to intervene as party plaintiffs. Both Samall and ILM claim to be mortgage holders on certain of the Debtor's real estate.

Pursuant to a Stipulation of Facts submitted by the parties, the Milford Group, a developer of a real estate development known as Milford Landing, did not complete the infrastructure in Milford Landing within the time provided in an agreement with Westfall Township. Thereafter, on January 18, 1989, Westfall Township demanded payment from Northeastern Bank of Pennsylvania under the letter of credit. On January 18, 1989, the bank paid the township the sum of One Hundred Ninety–Three Thousand Four Hundred Nine Dollars ($193,409.00) under the letter of credit. The proceeds of the letter of credit were invested and, as of September 19, 1995, amounted to Two Hundred Seventy–One Thousand One Hundred Thirty–Two and 93/100 Dollars ($271,132.93). The cost to complete the infrastructure is well in excess of the amount of funds held by the township. It is the proceeds of the letter of credit which is the subject of the present turnover action filed by the Trustee.

It must be noted that this bankruptcy case was commenced on January 8, 1991.

The initial issue to be determined by this court is whether the proceeds of the letter of credit are property of the estate under 11 U.S.C. § 541(a)(1) of the United States Bankruptcy Code. The court, after a review of applicable case law, has determined that the proceeds of the letter of credit are not property of the estate. See In re Illinois–California Express, Inc., 50 B.R. 232 (Bkrtcy.D.Colo.1985); In re Elegant Merchandising, Inc., 41 B.R. 398 (Bkrtcy. S.D.N.Y.1984).

The only connection the Trustee has made between the estate and the proceeds of the letter of credit is that the estate may be liable to the bank for issuing the letter of credit to Westfall Township because the Debtor defaulted in the agreement to finish the real estate development. This, however, does not give the estate an interest in the proceeds of the letter of credit. The court will deny the relief requested in the complaint for turnover.

## ORDER

AND NOW, this 18th day of April, 1996, **IT IS HEREBY ORDERED** that the relief requested in the complaint for turnover is

hereby denied and the complaint is hereby dismissed.